NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PETER WEBER,** | Civ. No. 15-2406 (KM)(MAH) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **DON LONGO, INC., DONALD P. LONGO, WILLIAM LONGO, JOHN DOE 1-5, MARY DOE 1-5, and/or DOE CORPORATION 1-5** | |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

Now before the Court is the motion (ECF no. 42) of the plaintiff, Peter Weber, for reconsideration of the Court's prior Opinion ("Op.", ECF no. 40) and Order (ECF no. 41). In that Opinion, I granted defendants' motion for summary judgment. For the reasons stated herein, plaintiff's motion for reconsideration is denied.

**I. Background**

Because I write for the parties, familiarity with my prior written opinion in this action is assumed. I do not repeat the facts or analysis in my prior opinion granting summary judgment to defendants. I will however briefly address the relevant procedural history.

On March 2, 2018, I issued my Opinion granting defendants' motion for summary judgment. (Op.) On March 15, 2018, plaintiff filed a motion for reconsideration (ECF no. 42) and a brief in support of that motion (Pl. Brf., ECF no. 42-1). Defendants filed an opposition brief on April 23, 2018 (Defs.

1

Brf., ECF no. 49), and plaintiff filed a reply brief on May 11, 2018 (Pl. Reply, ECF no. 52). This motion for reconsideration is therefore fully briefed and ready for decision.

## II. Standard of Review

The standards governing a motion for summary judgment under Fed. R. Civ. P. 56 were stated in my prior Opinion, and will not be repeated here.

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge ... has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as an opportunity to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou–Ann. Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

As to the third ground for reconsideration, which plaintiff relies on in this case, it is well-settled that

> [a] decision suffers from 'clear error' only if the record cannot support the findings that led to that ruling. Thus, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in "manifest injustice" if not addressed. Mere 'disagreement with the Court's decision' does not suffice.

2

*Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010)(internal citations omitted). Moreover, manifest injustice generally "means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Rose v. Alt. Ins. Works, LLC*, No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007).

## III.     Discussion

For the reasons explained below, I find that plaintiff has failed to satisfy the high standard required to succeed on a motion for reconsideration.

### 1. Evidence of Pretext

Plaintiff Weber argues that this Court "overlooked" certain evidence in its NJLAD-related assessment of whether plaintiff met his burden of showing that defendants' stated reason for termination was pretextual. (Pl. Brf. at 6-7) (citing Op. at 28-29). In particular, he argues that the Court failed to consider the following evidence:

1) Defendant Donald Longo's testimony that "nobody was happy about" plaintiff's injury;

2) A September 18, 2014 letter in which defendants' then-counsel denied that plaintiff's "termination had" anything "to do whatever with any job-related injury[,]" citing emotional "outbursts" such as "smashing his hardhat after he was terminated;

3) A September 10, 2014 letter in which defendants' counsel informed plaintiff that he was terminated because of "conduct" "exhibited" in "destroying" a helmet and sending "text messages";

4) Defendants' calendar entries; and

5) Defendants' Daily Job Reports

(*Id.* at 6-7). Weber describes these as "significant material facts tending to impeach the Defendants' alleged non-discriminatory reasons for the Plaintiff's termination." (*Id.* at 11). He concludes that "[t]hose facts raise, at a minimum, a jury question as to whether the Defendants were motivated by discriminatory

3

animus." (*Id.*) He criticizes the prior opinion for failing to discuss each of these pieces of evidence individually. (Pl. Reply 6).

According to defendants, plaintiff's argument is "an improper attempt 'to ask the Court to rethink what is had already thought through—rightly or wrongly.'" (Defs. Brf. at 9) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

I will address these five pieces of evidence in turn.

### i. Defendant Donald Longo's Deposition Testimony

Weber argues that this Court "overlooked" Defendant Donald Longo's testimony that "nobody was happy about" plaintiff's injury. However, Weber himself failed to cite that testimony in opposition to defendants' motion for summary judgment. Instead, he referred to a somewhat related comment by William Longo:

> The Defendants ignore, because they must, the disputed issue of material fact that the Plaintiff has raised through his and [his wife]'s consistent testimony that, at the post-discharge meeting, *William* pointed to the Plaintiff's injured hand and commented that he was not 'happy' about the injury. This comment alone raises a substantial question as to whether the motivating factor for the Plaintiff discharge was his injury.

(*Id.*)(emphasis added). Plaintiff then argued that other facts also led to that conclusion, including "Donald testified that, to his knowledge, there were no written reports or surveys from any of the Plaintiff's coworkers prior to his termination expressing dissatisfaction or discomfort with the Plaintiff." (*Id.* at 7).

In his Interrogatory Answers, Weber stated: "When I lifted my left hand and said that I hadn't even taken any time off because of my injury, Bill [Longo][1] pointed to it and said, 'I'm not happy about that.'" (ECF no. 38-5, DeZao Decl., Exh. C, Interrogatory Answers, ¶ 13). *See also* (PSMF ¶ 10). Plaintiff then stated: "So, the only complaint [Bill] had was that I hurt myself

---

[1] The nickname "Bill" or "Billy" presumably refers to William Longo.

4

on their grinder that had no guard." (ECF no. 38-5, DeZao Decl., Exh. C, Interrogatory Answers, ¶ 13). At her deposition, Weber's wife stated that at a September 9, 2014 meeting: "Billy looks at Pete and he pointed to him and he said, yeah, I'm not happy about that." (ECF no. 38-7, Exh. E at 16:25-17:2). Defendants denied that William Longo made that statement. (DRSMF ¶ 10).[2]

The alleged omission of a related comment by Donald Longo, William Longo's father, is in any event trivial. At his deposition, he was asked whether at some point during the meeting, Donald stated to Peter and his wife that *he*, Donald, was not happy about his injury. (ECF no. 37-1, John J. Lavin, Decl., Exh. C at 37:11-:13). He responded that *he did not*, but editorialized that nobody was happy. "I did not. *I mean, nobody was happy about it.* But I did not voice any opinion on that." (*Id.* at 37:14-15) (emphasis added).[3]

Because plaintiff focused only on the statement of William Longo, not Donald Longo, I did likewise. (Op. at 28-29). I did not "overlook" Donald's comment because plaintiff did not raise it. *See Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992)(stating that "[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration."). And at any rate, Donald testified that he made no such comment at the time; he merely stated an opinion, as he sat there at the deposition, that "nobody" was happy about the injury.

---

[2] Plaintiff did not provide a copy of William Longo's deposition testimony, while defendants provided only cited pages of William Longo's deposition testimony. (ECF no. 37-1, John J. Lavin, Decl., Exh. B). The pages provided do no provide testimony addressing that alleged comment. It is unclear whether William was asked about or mentioned the alleged comment during his deposition.

[3] Defendants provided only cited pages of Donald Longo's deposition testimony. (ECF no. 37-1, John J. Lavin, Decl., Exh. C). Plaintiff provided the deposition testimony in its entirety. (ECF no. 38-4, DeZao Decl., Exh. B).

5

The motion for reconsideration is therefore denied as to this piece of evidence.

### ii. Defense Counsel's Letters

Regarding defense counsel's letters, in the "Relevant Facts" Section of my Opinion, I directly quoted the September 10 and 18, 2014 post-termination letters from defendants' counsel to plaintiff. (Op. at 10-11). Although I did not directly refer to the letters in my analysis of the third step of the *McDonnell Douglas* framework,[4] I did not overlook them. *See Morton v. Fauver*, No. CIV. 97-5127 RBK/JS, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011) (recognizing that the "fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration."). *A fortiori* a piece of evidence explicitly cited and quoted by the court is not overlooked because the Court did not cite it at every point in the opinion where it might have been relevant.

Moreover, "[o]nly where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion, will it entertain such a motion." *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Here, plaintiff has failed to

---

[4] Plaintiff's brief in opposition to defendants' motion for summary judgment states:

> [l]astly, the veracity of the Defendants' represented reasons for the Plaintiff's termination is undermined by the two letters sent by their then-attorney to the Plaintiff and [his wife] following his termination. In neither of them are any reasons for termination referenced other than the Plaintiff's breaking his hardhat or post-termination conduct. This is so even though former counsel was explicitly denying that the Plaintiff was terminated due to injury. The Defendants' reference to post-termination conduct as justifying termination demonstrably fails to provide any non-discriminatory explanation for the Plaintiff's termination.

(Pl. S.J. Opp. Brf. at 10-11).

6

demonstrate that explicit consideration of defense counsel's letters in the Court's analysis would have resulted in a denial of summary judgment. The motion for reconsideration is therefore denied as to that claim.

### iii. Defendants' Calendar Entries and Daily Job Reports

At this reconsideration stage, plaintiff asserts that his evidence was not "merely limited to whether the plaintiff's coworkers did not write negative reports until after he was terminated." (Pl. Brf. 9). He points to defendants' calendar entries and daily job reports as additional evidence. (*Id.*) According to plaintiff, the calendar entries reflect the plaintiff's work performance after his injury, and the daily job reports "reflect no work-related issues with the plaintiff." (*Id.* at 7).

As to those documents, in his brief in opposition to defendants' motion for summary judgment, plaintiff argued that defendants' calendar entries and daily job reports undermined defendants' legitimate nondiscriminatory reason for terminating plaintiff. He pointed out: "Additionally, Calendar entries produced by the Defendants post-date the Plaintiff's injury. Furthermore, their Daily Job Reports fail to reflect any issues with the Plaintiff's work performance." (Pl. S.J. Opp. Brf. 10-11). *See* (ECF nos. 38-10, Exh. H; 38-11, Exh. I).

As business records, the calendar entries are derisory. The calendar pages cover the period from June 9 through August 21, 2014 (one day after the accident). They are almost entirely blank, containing just two entries: for June 6, they note that Tony and Mike performed two tasks; for July 10, they note that three tasks were performed by Tony, Mike, and Pete (presumably Weber). Nothing can be read into the fact that these sketchy records omit any complaint about work performance; they do not evaluate anybody's performance, even for the two days for which entries appear.

The Daily Job Reports, covering the period July 11 to September 3, 2014, seem to be more regularly kept, although there are significant gaps (two weeks, in one instance). They consist, however, of terse (often less than one sentence)

descriptions of jobs done on a particular day, materials used, and cost of materials. Their purpose is not to evaluate anyone's job performance, and they contain not a single such evaluation, positive or negative. No inference at all can be drawn from the lack of any complaint about plaintiff's job performance in such a record.[5]

I did not explicitly refer to those documents in the Opinion. Nevertheless, they were in the record and were cited in the plaintiff's brief, and they were reviewed and considered by this Court. *See U.S. ex rel. Simpson v. Bayer Corp.*, 2015 WL 3618295, at *2 (D.N.J. June 9, 2015)(explaining that "[a]n argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument."); *Morton*, 2011 WL 2975532, at *3(stating that the "fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration."). They simply were not particularly germane to the Court's analysis.

The Opinion carefully considered and decided defendants' motion for summary judgment. Plaintiff's motion for reconsideration is denied.

### 2. Genuine Issue of Material Fact and Pretext

Plaintiff further contends that summary judgment was inappropriate because plaintiff produced sufficient evidence to create a genuine issue of material fact as to whether defendants' stated reasons for his termination were pretextual. "The Court", says Plaintiff, "impermissibly held plaintiff" to a higher standard than that applied in other cases[6], and "erroneously adjudged the

---

[5]  Also attached are time records of days and hours worked. These, too, contain nothing about any employee's performance, whether positive or negative.

[6]  Plaintiff discusses the following cases: *Khair v. Campbell Soup Co.*, 893 F. Supp. 316 (D.N.J. 1995), *on reconsideration in part* (July 3, 1995); *Sorba v. Pennsylvania Drilling Co.*, 821 F.2d 200 (3d Cir. 1987); *Sempier v. Johnson & Higgins*, 45 F.3d 724

8

evidence and took the decision away from the jury, in whose province it was to determine whether the Defendants' allegedly proffered reason for the Plaintiff's termination – including post-termination documents and explanations- were pretextual." (Pl. Brf. at 14-15). He concludes that: "the factual record in this case establishes, at minimum, a jury question as to whether or not the defendants' proffered reason for termination was pretext for disability discrimination." (*Id.* at 15).

Reconsideration is not warranted where "(1) the movant simply repeats the cases and arguments previously analyzed by the court; or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167-68 (D.N.J. 2013) (internal citations omitted). Here, plaintiff repeats and expands upon arguments proffered in his opposition to defendants' motion for summary judgment. Reconsideration is therefore denied.

Moreover, Plaintiff also argues that this Court's "conclusion" regarding William Longo's alleged "not happy" statement impermissibly decided a factual question that should be decided by a jury. (Pl. Brf. at 11). I reject this claim. As argued by defendants, this Court did not make a factual determination. (Defs. Brf. at 10). Rather, I assumed the truth of the statement and appropriately determined that the statement, along with other evidence relied upon by plaintiff, was insufficient to create a genuine factual issue as to whether defendants' legitimate non-discriminatory reason for plaintiff's termination was pretextual. (*Id.*) Plaintiff's motion for reconsideration on this basis is denied.

### 3. William Longo's Alleged Statement

Plaintiff argues that in addressing William Longo's alleged statement, this Court erroneously concluded that the statement was not enough to suggest discrimination because the statement "was far from the only fact" that he presented to support a finding that defendants' stated reason for termination

---

(3d Cir. 1995); *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632 (3d Cir. 1993). (Pl. Brf. 13-14).

9

was pretextual. (Pl. Brf. at 11). *See* (Op. at 29). In other words, says the plaintiff, the Court erroneously considered that statement in isolation: "[i]t is precisely because the Court focused solely on whether the 'not happy' statement alone created an issue of fact that it erred." (Pl. Reply at 7)(internal citation omitted).

A close look at the Opinion shows that although I noted as an example that William Longo's alleged statement alone did not suggest discrimination, in concluding that plaintiff did not meet his burden, I considered all of the relevant material evidence presented by plaintiff. I considered William Longo's alleged statement about not being happy about plaintiff's injury, as well as other additional evidence presented by plaintiff: plaintiff's claim that he had no negative performance reviews, the lack of written reports from coworkers expressing dissatisfaction or discomfort with him *before* his termination, and William Longo's alleged admission that there was a lack of materials for the pump assignment. (Op. at 28-29). *See Fuentes v. Perskie*, 32 F.3d 759, 764 ("[T]he plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.")

After describing the relevant evidence, I concluded as follows:

*This evidence fails to cast sufficient doubt upon Longo's reasons for terminating Weber.* No reasonable trier of fact could conclude that the articulated reasons for Weber's termination were 'so clearly wrong as to imply discriminatory animus.' *Ade v. KidsPeace Corp.*, 401 F. App'x. 697, 704 (3d Cir. 2010). Moreover, Weber has also been unable to 'point to evidence with sufficient probative force that a fact finder could conclude by a preponderance of the evidence that [the plaintiff's disability] was a motivating or determinative factor in the employment decision.' *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 645 (3d Cir. 1998). *A statement that the employer is not "happy" about a worker being injured, for example, does not suggest discrimination.*

10

(*Id.* at 29) (emphasis added). To be clear, I considered the William Longo statement both alone and in context of the other evidence.

## IV. Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration is denied.

Dated: May 18, 2018

**KEVIN MCNULTY**
**United States District Judge**